UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RASHEED STUKES,

       Petitioner,                              Case No. 24-cv-12926
                                                  Hon. Matthew F. Leitman

v.

RARDIN,

       Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION
FOR A WRIT OF HABEAS CORPUS AS MOOT**

     Federal inmate Rasheed Stukes filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. (*See* Pet., ECF No. 1). Stukes claims that the Federal Bureau of Prisons (BOP) has refused to properly apply his earned time credits under the First Step Act (FSA), 18 U.S.C. § 3624(c), and the Second Chance Act (SCA), and return him to prerelease custody. (*Id.* at, PageID.1-2.) The BOP has since reviewed Stukes' file and adjusted his time credit eligibility under the FSA. According to Respondent, Stukes is now in prerelease custody at the Residential Reentry Management (RRM) center in Detroit. Because Stukes has received his requested relief, the Court DISMISSES the petition as MOOT.

I.

In 2017, Stukes pleaded guilty to attempted bank robbery by force or violence; kidnapping during a bank robbery, and aiding and abetting, in violation of 18 U.S.C. § 2113(a), (d), and (e) and 18 U.S.C. § 2 in the United States District Court for the Northern District of Indiana. The district court sentenced him to 140 months' imprisonment with two years of supervised release. Stukes' petition states that he was released to prerelease custody on October 9, 2024, but shortly after returned to prison based on the BOP's erroneous assessment of his FSA eligibility. (ECF No. 1, PageID.6.)

On November 4, 2024, Stukes filed his petition. At that time, he was incarcerated at the Federal Correctional Institutional in Milan, Michigan (FCI-Milan). (*Id*. at, PageID.1.) On January 27, 2025, Respondent filed an answer stating that the BOP planned to return Stukes to prerelease custody. (ECF No. 5.) On February 14, 2025, Respondent filed a notice informing the Court that Stukes had been removed from FCI-Milan to the Detroit RRM. (ECF No. 7.)

II.

Respondent suggests that Stukes' petition should be denied because Stukes' transfer to prerelease custody renders the petition moot. (ECF No. 7, PageID.33.) The Court agrees. Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial

2

proceedings. That means the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990). When the issuance of a writ of habeas corpus would have no effect on a petitioner's term of custody, and would impose no collateral legal consequences, the habeas petitioner fails to present a justiciable case or controversy within the meaning of Article III. *See Demis v. Sniezek*, 558 F.3d 508, 513 (6th Cir. 2009); *see also NAACP v. City of Parma*, 263 F.3d 513, 530 (6th Cir. 2001) (holding that federal courts have "no authority to render a decision upon moot questions or to declare rules of law that cannot affect the matter at issue").

    Here, the relief that Stukes sought was to be transferred to prerelease custody. (ECF No. 1, PageID.6-8.) And Stukes has now been transferred to prerelease custody. Consequently, the issues presented in this lawsuit are no longer "live." *See Marshek v. Eichenlaub*, 266 Fed. App'x 392, 392-93 (6th Cir. 2008) (dismissing a habeas petition as moot when the petitioner had sought to be transferred to a halfway house, and he was then transferred to a halfway house); *Antoine v. Rardin*, No. 24-CV-12462, 2025 WL 968285, at *2 (E.D. Mich. Mar. 31, 2025)(White, J.) (also finding that a prisoner's petition for prerelease custody was mooted when he was placed in prerelease custody); *Brown v. Rardin*, No.

3

2:24-CV-12368-TGB-EAS, 2025 WL 1226308, at *1 (E.D. Mich. Apr. 28, 2025) (same). Because Stukes' claim is moot, the Court dismisses the petition.

Accordingly,

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED** as moot. Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004), Stukes need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  June 9, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 9, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126